Argued April 7, affirmed August 3, 1955

# FARRAR *v.* PACIFIC ALTANTIC STEAMSHIP COMPANY

286 P. 2d 663

*Sidney I. Lezak,* Portland, argued the cause for appellant. With him on the briefs were Peterson and Pozzi, Portland.

*John R. Brooke* and *Erskine Wood,* Portland, argued the cause for respondent. With them on the brief were Wood, Matthiessen, Wood & Tatum, Portland.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE and PERRY, Justices.

PER CURIAM.

Plaintiff appeals from the judgment of the circuit court of Multnomah county which set aside the

judgment based upon a jury verdict in the sum of $4,000, the same having been rendered in favor of the plaintiff on the trial of the case, and entered judgment in favor of defendant notwithstanding the verdict and ordered a new trial if on appeal the same were reversed.

Plaintiff filed his action under § 33 of the Merchant Marine Act of 1920, known as the Jones Act. He alleges that on June 28, 1951, he was employed by the defendant as chief cook and that thereafter, on or about July 15, 1951, while the ship was on a voyage on the high seas between Portland and Baltimore, he sustained injury and illness due to "the negligence of said defendant and unseaworthiness of said vessel, in that the said vessel was equipped with defective ventilation in its focsle [sic], and the defendant had closed out fresh air to the said focsle [sic] by blocking its portholes with lumber, and requiring that this plaintiff maintain his quarters in said focsle [sic] under the conditions hereinbefore set forth." He then alleges that as a direct and proximate result of the foregoing, he became ill and that he sustained peripheral polyneuritis.

At the trial defendant seasonably moved for a judgment of nonsuit, which was denied, and at the conclusion of the taking of testimony moved for a directed verdict, both motions being based, among other things, on the grounds that there was no substantial evidence of negligence as alleged nor was such negligence, if proved, the proximate cause of this illness. This motion was likewise denied and the case was sent to the jury. After the verdict was returned, defendant moved for a judgment notwithstanding the verdict, which motion was allowed and properly so, we hold.

There are a number of reasons why the court properly set aside the verdict. It will be necessary,

however, to mention only one as that goes to the very core of plaintiff's complaint. The specific allegations of negligence and unseaworthiness is that the defendant had closed out fresh air to the said forecastle by blocking the portholes with lumber. The dimensions of plaintiff's quarters were 10 feet by 14 feet and about 6 feet high. There were two portholes, each 16 inches in diameter, one on the forward side of the cabin which faced out to the main deck and one on the port side of the cabin. There were two electric fans in the room, one rotary and one stationary. Immediately forward of the staterooms was a deckload of lumber which extended up to a height of 9 to 12 feet and 120 feet from port to starboard. There were two feet of intervening space in front of the portholes on the forward side of plaintiff's cabin. There was no lumber piled on the port side of the cabin, there being a passageway 4 feet in width extending fore and aft. A door 3 feet by 6½ feet on the afterside of the room opened onto an athwartship passageway. It opened inward and was open the entire trip, as were the portholes.

From the foregoing it is seen that plaintiff did not sustain the allegations of his complaint by evidence that the portholes were blocked with lumber which excluded fresh air.

The spuriousness of plaintiff's claim is evidenced by the statement he made to the court after the cause had been submitted to the jury. It is recited in the order setting aside the verdict that plaintiff "advised the court that his condition did not happen as claimed in his case, as he was getting too much rather than too little air in his room."

This appeal has no merit and should not have been brought to this court.

Affirmed.